**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2828
_____

IN RE: KEITH M. KNIGHT, a/k/a Moon Starcloud,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. 1-22-cv-00258)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 29, 2022

Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: January 4, 2023)
_____

OPINION*
_____

**PER CURIAM**

Keith Knight has filed a petition for a writ of mandamus related to his lawsuit

pending in the Middle District of Pennsylvania.  We will deny the petition.

In February 2022, Knight filed a pro se civil rights action against prison officials

at SCI-Huntingdon, where he is incarcerated.  In June and July 2022, defendants filed a

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion to dismiss the complaint and a brief in support thereof. In October 2022, Knight filed a mandamus petition in this Court, stating that he had not received copies of those filings. He asks us to direct the District Court to provide him with copies of those filings so that he can respond to them.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Knight can make no such showing. One month after Knight filed his mandamus petition in this Court, he submitted a letter in the District Court explaining that he had not received the motion to dismiss or supporting brief. The District Court directed the clerk to send Knight courtesy copies of those filings by November 25, 2022, so that Knight could file his response. On December 8, 2022, Knight informed the District Court that he still had not received the motion to dismiss or supporting brief, so the District Court entered another order directing the clerk to send him copies of those documents. Because

2

it appears that Knight has adequate means for relief in the District Court, we will deny the mandamus petition.[1,2]

---

[1] Knight claims that the District Court and the defendants have been conspiring against him and that the District Court is not issuing impartial rulings.  See C.A. No. 1 at pp. 1, 6. To the extent that he alleges that the District Court exhibited bias, mandamus relief is not warranted, as his allegations are too vague to demonstrate that the District Court exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Insofar as Knight's bias allegation flows from the District Court's order denying his motion to proceed in forma pauperis, see C.A. No. 1 at p. 3, mandamus relief is not warranted on that basis, either. An unfavorable ruling, without more, is generally insufficient to demonstrate judicial bias.  See Liteky, 510 U.S. at 555.

[2] Knight's brief supporting his mandamus petition essentially repeats the arguments he made in his original petition, see C.A. No. 7, and provides no basis on which to issue a writ of mandamus.